# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

**DOCKET NO. 3:96-cr-00134-FDW**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | |
| ) | |
| MARCUS SIFFORD, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER is before the Court on Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. No. 277) based upon the retroactive application of the crack cocaine penalty reduction imposed by the United States Sentencing Commission. <u>See</u> United States Sentencing Commission Sentencing Guidelines, Amendment 706, as amended by Amendment 711 (reducing the guideline range for crack cocaine offenses, effective November 1, 2007) and Amendment 713 (making Amendment 706 retroactive, effective March 3, 2008). The Government has responded in opposition to the motion (Doc. No. 282). The Court has reviewed Defendant's case to determine whether he is eligible for a sentence reduction. The Government concedes that Defendant is eligible for the reduction, and the Court is inclined to grant it, but for the reasons that follow is unwilling to give Defendant the extent of the reduction he has requested.

Defendant Marcus Sifford was indicted on September 3, 1996, and charged with: (1) conspiracy to possess with intent to distribute, and distribute, cocaine and cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1); and (2) conspiracy to use and carry firearms during and in a relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(n). Defendant pleaded not guilty

and, after a three-day jury trial, was found guilty on both counts on February 13, 1997.

It is uncontested that Defendant's original guideline range of imprisonment was between 188 and 235 months, based on an offense level of thirty-six (36) and a criminal history category of I as calculated by the Guidelines as they existed at the time of Defendant's sentencing. On June 30, 1997, Defendant was sentenced to 188 months for each count of his conviction, the sentences to run concurrently. Defendant has served 157 months of his sentence and now requests that this Court reduce his sentence to 151 months.[1] Doing so would not only result in the immediate release of Defendant, but would also create a six-month "credit" to be applied against any future sentence that the Court might later impose upon revocation of supervised release.

Section 3582(c)(2) of Title 18 provides that in the case of a defendant who has been sentenced to a term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," upon motion of the defendant or upon its own motion, the court *may* reduce the term of imprisonment, "after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent they are applicable" and if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission. The text of § 1B1.10, as amended, makes clear in subsection (a)(3) that "proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant." Id. § 1B1.10(a)(3). In the Commentary to § 1B1.10, the Sentencing Commission emphasized that the decision to grant a sentence reduction authorized by retroactive amendments is a discretionary decision, making clear that defendants are

---

[1] The offense level after the application of the retroactive amendment would be thirty-four (34), yielding a guideline range of 151 to 188 months. Defendant has requested that he be sentenced at the minimum end of this range, which sentence would be comparable to the 188 months that he is serving in the previous 188 to 235 month range.

not entitled to such reductions as a matter of right: "The authorization of such a *discretionary reduction* . . . does not entitle a defendant to a reduced term of imprisonment as a matter of right." Id. Background Commentary (emphasis added); see also U.S.S.G. § 1B1.10(a)(1) (indicating that the Court "*may* reduce the defendant's term of imprisonment") (emphasis added).

The full record before the Court, including the original Presentence Report, indicates that Defendant was a "mid-level drug distributor" for a drug conspiracy that operated from February, 1990 to September, 1996. While making drug sales for the conspiracy, Defendant "was often in possession of an SK assault rifle and a 9mm handgun." It is this possession of such dangerous firearms during the course of a sophisticated and long-running drug trafficking conspiracy that gives the Court pause. Although the Court has considered all of the § 3553(a) sentencing factors as they relate to Defendant, the Court particularly notes its duty to consider "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), as well as the need "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(C). Defendant's involvement in such a dangerous conspiracy, along with his particular willingness to arm himself with both an assault rifle and a handgun while carrying out the conspiracy, convince the Court that reducing Defendant's sentence to 151 months is inappropriate.

The Court does feel, however, that Defendant should receive some benefit from the crack cocaine amendment. The Court will, therefore, reduce Defendant's sentence by three (3) months, from 188 months to 185 months. This reduction gives Defendant the benefit of the amendment while recognizing the violent nature of his criminal conduct and the Court's duty to protect public safety. The Court finds that this amended sentence of 185 months is adequate, but no greater

than necessary, to accomplish the objectives of 18 U.S.C. § 3553(a), while a further reduction would frustrate those objectives.[2]

Therefore, the Court finds that, under the facts and circumstances of this case, and in consideration of the relevant sentencing factors at § 3553(a), an amended sentence of 185 months is an appropriate reduction. Accordingly, Defendant's motion is GRANTED.

IT IS SO ORDERED.                    Signed: May 13, 2008

_____
Frank D. Whitney
United States District Judge

---

[2] The Court notes that it is not required under Fourth Circuit case law to undertake an exhaustive analysis of all of the § 3553(a) factors in this Order. See United States v. Legree, 205 F.3d 724, 728 (4th Cir. 2000); see also United States v. Foster, No. 07-7066, 2007 WL 4284675, at *1 (4th Cir. December 7, 2007); United States v. Johnson, 138 F.3d 115, 119 (4th Cir. 1998); United States v. Davis, 53 F.3d 638, 642 (4th Cir. 1995).